## Ex Parte WEBSTER.

### WEBSTER, Appellant, v. KNEWEL, Respondent.

### (196 N. W. 549.)

(File No. 5528. Opinion filed January 4, 1924.)

1. Statutes—Constitutional Law—Municipal Courts—Statutes Providing for Punishment of Offenses in Cities Where Municipal Court Is Maintained Held Not in Violation of Constitution, Directing Classification of Municipal Corporations by General Laws.

Laws 1923, c. 238, providing in addition to Rev. Code 1919, Sec. 6169, subd. 81, that in cities where a municipal court is maintained, the governing body shall have power to provide for each violation of an ordinance by a fine not exceeding $500

or imprisonment for more than 6 months, etc., does not violate Const., art. 10, Sec. 1, as giving such cities powers not possessed by other cities of the same class, all cities having a population of 5,000 or over being entitled to establish municipal courts by Const., art. 5, Sec. 23, and Rev. Code 1919, Sec. 5205.

2. **Constitutional Law—Statute Not in Violation of Constitution as "Grant of Privilege or Immunity."**

Laws 1923, c. 238, providing that, in cities where a municipal court is maintained, the governing body shall have power to provide for each violation of an ordinance by a fine not exceeding $500 or imprisonment not exceeding 6 months, etc., does not violate Const., art. 6, Sec. 18, as "grant of privilege or immunity," within the meaning of that section.

3. **Indictment and Information—Criminal Law—No Presentment or Information Necessary for the Prosecution of the Violation of a City Ordinance.**

Const., art. 6. Sec. 10, providing that no person shall be held for a criminal offense, unless on the presentment of the grand jury or information of the public prosecutor, etc., has no application to an action brought by the city for the violation of an ordinance; such action, in view of Rev. Code 1923, Secs. 2093-2095, not being a criminal action, but a civil action, and it may be prosecuted by the filing of a complaint.

Appeal from Circuit Court, Minnehaha County; Hon. Asa Forrest, Judge.

In the matter of the application of Henry Webster for a writ of habeas corpus directed against Vincent Knewel. From an order denying the writ, petitioner appeals. Affirmed.

*Parliman & Parliman,* of Sioux Falls, for Appellant.

*Roy B. Marker,* of Sioux Falls, for Respondent.

(1) To point one of the opinion, Appellant cited: Chap. 238, Laws 1923; Murphy Liquor Co. v. Medberg, 35 S. D. 589; Rogers v. Walsh, 36 S. D. 599; 6 R. C. L. Sec. 374.

Respondent cited: In re Watson, 17 S. D. 486; Chicago, M. & St. P. Ry. Co. v. Westby, 178 Fed. 619, 47 L. R. A. (N. S.) 97.

(2) To point two, Appellant cited: 12 C. J. 1111-1113.

(3) To point three, Appellant cited: Sec. 10, Art. 6, State Const.; City of Sioux Falls v. Wearham, 46 S. D. 98, 190 N. W. 1019; City of Watertown v. Burk, 173 N. W. 837.

Respondent cited: Madison v. Horner, 15 S. D. 359; Madi-

son v. Horner, 15 S. D. 359; City of Sioux Falls v. Mansors (S. D.), 168 N. W. 751; Costello v. Feagin, 162 Ala. 191, 50 So. 134; People ex rel Mixer v. Monister County, 25 Mich. 426; Litchville v. Hanson, 19 N. D. 672, 124 N. W. 1119.

GATES, J. [1] This is an appeal from an order of the circuit court denying a writ of habeas corpus. In a complaint filed in the municipal court of Sioux Falls, the appellant was charged with the manufacture of intoxicating liquor in violation of Ordinance No. 800 of the city. The defendant pleaded guilty to the charge, and was sentenced to imprisonment in the county jail for the period of 6 months and to pay a fine of $500. Release of appellant by habeas corpus was sought upon the ground that the municipal court was without jurisdiction. Prior to the enactment of chapter 238, Laws 1923 of the state of South Dakota, the ordinance in question prescribed a maximum imprisonment of 30 days, and a maximum fine of $100 for its violation, pursuant to subdivision 81, § 6169, Rev. Code 1919, which read as follows (defining municipal powers):

"To enact all such ordinances as may be proper and necessary to carry into effect the powers granted thereto, to amend, revise or repeal the same, and to provide for the punishment of each violation thereof by a fine not exceeding one hundred dollars or by imprisonment not exceedings thirty days, or by both such fine and imprisonment."

By said chapter 238 the Legislature added to said subdivision 81 the following proviso:

"Provided, that in cities where a municipal court is maintained, the governing body shall have the power to provide for the punishment of each violation thereof by a fine not exceeding five hundred dollars, or by imprisonment not exceeding six months, or by both such fine and imprisonment."

Pursuant to that chapter the city of Sioux Falls adopted Ordinance No. 921 amending said Ordinance No. 800 by prescribing the maximum penalty authorized by the above proviso.

It is first contended that said chapter 238 violates article 10, § 1, of the Constitution, which directs the classification of municipal corporations, and provides:

"That no such corporations shall have any powers or be sub-

ject to any restrictions other than those of all corporations of the same class."

All municipal corporations in this state having a population of 5,000 or over are denominated cities of the first class. Rev. Code 1919, § 6165. All cities having a population of 5,000 or over are entitled to establish municipal courts. Const., art 5, § 23; Rev. Code 1919, § 5205. It is urged that, because chapter 238 relates only to cities that have established municipal courts, those cities are given greater powers than the other cities of the same class, which may not have established municipal courts, and therefor the constitutional provision is violated. There is no force to the contention. The power is available to both. Whether cities avail themselves of the power is optional with them. Therefore said chapter 238 cannot be said to violate article 10, § 1, of the Constitution.

[2] It is next contended that said chapter 238 for the like reasons violates article 6, § 18, of the Constitution, which says:

"No law shall be passed granting to any citizen, class of citizens or corporation, privileges or immunities which upon the same terms shall not equally belong to all citizens or corporations."

Said chapter 238 is not a grant of privilege or immunity within the meaning of that section of the Constitution. State v. Scougal, 3 S. D. 55, 51 N. W. 858, 15 L. R. A. 477, 44 Am. St. Rep. 756.

[3] Lastly, appellant urges that his sentence was unlawful, because he was proceeded against by a complaint instead of by a presentment or indictment of a grand jury or by an information by the public prosecutor as required by Const., art. 6, § 10, and subdivision 3 of section 4408, Rev. Code 1919. No attention need be given to the code section, because if chapter 238 was valid under Const., art 6, § 10, then said chapter 238 in effect amended said section 4408. The last-mentioned section of the Constitution is as follows:

"No person shall be held for a criminal offense unless on the presentment or indictment of a grand jury, or information of the public prosecutor, except in cases of impeachment, in cases cognizable by county courts, by justices of the peace, and in cases arising in the army and navy, or in the militia when in actual

10—Vol. 47, S. D.

service in time of war or public danger: Provided, that the grand jury may be modified or abolished by law."

Even though the act forbidden by the ordinance amounts under the state and federal law to a criminal offense, yet the violation of the ordinance is not a criminal offense, therefore the above constitutional provision has no application to an action brought by the city for a violation of the ordinance. 19 R. C. L. 805, says:

" *  *  *   When a certain act is lawfully prohibited by both a state statute and a municipal ordinance, a conviction of an offense under either does not bar a prosecution under the other; there is no constitutional objection to a second jeopardy for the same act, but merely for the same offense, and, although the act may be the same, the offenses are distinct."

And again 8 R. C. L. 150, says:

"It seems to be a well-settled rule that, where both an ordinance and a state statute prohibit certain acts, a conviction of an offense under either does not bar a prosecution under the other. The courts proceed on the theory that while the same act may be the basis of each prosecution, yet the offenses are distinct, and committed against two different laws. And a provision in a city charter which gives the city court exclusive jurisdiction of all offenses committed against the ordinances and by-laws of the city does not change the rule."

In City of Madison v. Horner, 15 S. D. 359, 89 N. W. 474, this court was considering whether a judgment in an action for the violation of a city ordinance was reviewable by appeal, as in civil actions, or by writ of error, as then provided in criminal actions, and the court said:

"Actions for violation of city ordinances are not criminal actions, within the meaning of the statutes of this state. Section 4813, Comp. Laws [section 2093, Rev. Code 1919] provides: 'Actions are of two kinds: (1) Civil. (2) Criminal.' Section 4814 [section 2094, Rev. Code 1919] provides: 'A criminal action is one prosecuted by the state as a party against a person charged with a public offense, for the punishment thereof.' And section 4815 [section 2095, Rev. Code 1919] provides: 'Every other is a civil action.' It will be observed that criminal actions are only such as are prosecuted by the state as a party."

It is therefore entirely clear that an action for the violation of a city ordinance, while quasi criminal in its nature, is in reality not a criminal action, but a civil action, and may be prosecuted by the filing of a complaint instead of by indictment, presentment, or information.

Finding no error in the record, the order denying a writ of habeas corpus is affirmed.

Note.—Reported in 196 N. W. 540. See, Headnote (1), American Key-Numbered Digest, Statutes, Key-No. 93(4), 36 Cyc. 1003; (2) Constitutional law, Key-No. 205(1), 12 C. J. Sec. 829; (3) Indictment and information, Key-No. 3, 31 C. J. Sec. 14.

On power of municipality to punish what is also an offense under state law, see note in 17 L. R. A. (N. S.) 49.