**UNITED STATES of America,
Appellee,**

v.

**Leo JACOBS, Appellant.**

**No. 25354.**

United States Court of Appeals,
Ninth Circuit.

Oct. 22, 1970.

Rehearing Denied Dec. 3, 1970.

Gary D. Gayton (argued), of Stern, Gayton, Neubauer & Brucker, Seattle, Wash., for appellant.

Jerald E. Olson (argued), Asst. U. S. Atty., Stan Pitkin, U. S. Atty., Seattle, Wash., for appellee.

Before HAMLEY, HAMLIN and KIL-KENNY, Circuit Judges.

PER CURIAM:

Leo Jacobs appeals from his conviction, after a jury trial, on all eight counts of an indictment charging him with using the United States mails for carrying advertisements for obtaining obscene photographs, and for carrying obscene photographs, all in violation of 18 U.S.C. § 1461.

Doing business as Classic Sales, Jacobs had mailed to Ryan Williams, Portland, Oregon, four packets containing the photographs in question. They showed nude or semi-nude women in suggestive poses. The packets also contained advertisements, with accompanying order forms, soliciting further sales.

As part of his defense that his materials did not transcend the limits of community candor and tolerance, Jacobs proffered several exhibits, all of which were rejected by the trial court. Defendant argues that the court erred in excluding these exhibits.

Defendant's exhibits A1-2 are copies of the Danish "magazine" *Exciting*. Jacobs copied the photographs that he sent through the mail from these publications. The trial court rejected these exhibits because defendant failed to produce expert foundation testimony as to the redeeming social value of the photographs contained in these publications. Jacobs' exhibits A3-9 constituted seven examples of advertising materials from others who ply Jacobs' trade. Jacobs stated that he had received these materials unsolicited through the mail. The court rejected these exhibits as being beyond contemporary community limits. Jacobs' exhibits A10-17 were copies of the *Police Gazette, Man, Playboy, Stag,* and the *Harvard Lampoon* magazines. The court rejected these exhibits on the ground of noncomparability.

In our opinion, the trial court's action represents a proper application of the principles governing the reception of such materials in a case of this kind. These principles are well stated in Womack v. United States, 111 U.S.App.D.C. 8, 294 F.2d 204, 206 (1961) and place the burden upon the defendant to demonstrate two prerequisites for the admission of "comparables," namely: (1) reasonable resemblance, and (2) reasonable degree of community acceptance of the proffered comparables. The trial court did not abuse its discretion in excluding these exhibits.

In his opening brief Jacobs did not specifically argue that the trial court erred in permitting the jury to find that the photographs were obscene in the sense intended by the statute, and in ruling that the materials were of such nature as to be denied protection under the First Amendment. In his reply brief, however, defendant urges this argument.

Having in view the nature of the photographs,[1] coupled with the clear evidence of pandering in the solicitations sent through the mail,[2] we believe the trial court did not err in permitting the jury to find these photographs obscene. *See* Redrup v. New York, 386 U.S. 767, 87 S.Ct. 1414, 18 L.Ed.2d 515 (1967); Ginzburg v. United States, 383 U.S. 463, 86 S.Ct. 942, 16 L.Ed.2d 31 (1966); A Book Named "John Cleland's Memoirs of A Woman of Pleasure" v. Attorney General, 383 U.S. 413, 86 S.Ct. 975, 16 L.Ed.2d 1 (1966); Roth v. United

---

1. The photographs are remarkably similar to those described in Miller v. United States, 431 F.2d 655 (9th Cir. 1970).

2. See Ginzburg v. United States, 383 U.S. 463, 474, 86 S.Ct. 942, 16 L.Ed.2d 31 (1966).

States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957); United States v. Baranov, 418 F.2d 1051 (9th Cir. 1969); Miller v. United States, 431 F.2d 655 (9th Cir. 1970).

Affirmed.