No. 74–1094. WOMACK ET AL. *v.* UNITED STATES. C. A. D. C. Cir. Certiorari denied. MR. JUSTICE DOUGLAS, being of the view that any state or federal ban on, or regulation of, obscenity is prohibited by the Constitution, *Roth* v. *United States,* 354 U. S. 476, 508–514 (1957) (DOUGLAS, J., dissenting); *Miller* v. *California,* 413 U. S. 15, 42–47 (1973) (DOUGLAS, J., dissenting); *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 70–73 (1973) (DOUGLAS, J., dissenting), would grant certiorari and summarily reverse the judgment. Reported below: 166 U. S. App. D. C. 35, 509 F. 2d 368.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE STEWART and MR. JUSTICE MARSHALL join, dissenting.

Petitioners were convicted in the United States District Court for the District of Columbia of mailing

---

obscene matter in violation of 18 U. S. C. § 1461, and of transporting the matter in interstate commerce in violation of 18 U. S. C. § 1462. Title 18 U. S. C. § 1461 provides in pertinent part:

"Every obscene, lewd, lascivious, indecent, filthy or vile article, matter, thing, device, or substance;

. . . . .

"Is declared to be nonmailable matter and shall not be conveyed in the mails or delivered from any post office or by any letter carrier."

Title 18 U. S. C. § 1462 provides in pertinent part:

"Whoever brings into the United States, or any place subject to the jurisdiction thereof, or knowingly uses any express company or other common carrier, for carriage in interstate or foreign commerce—

"(a) any obscene, lewd, lascivious, or filthy book, pamphlet, picture, motion-picture film, paper, letter, writing, print, or other matter of indecent character;

. . . . .

"Shall be fined not more than $5,000 or imprisoned not more than five years, or both, for the first such offense and shall be fined not more than $10,000 or imprisoned not more than ten years, or both, for each such offense thereafter."

The Court of Appeals for the District of Columbia Circuit affirmed the convictions. 166 U. S. App. D. C. 35, 509 F. 2d 368.

I adhere to my dissent in *United States* v. *Orito*, 413 U. S. 139, 147 (1973), in which, speaking of 18 U. S. C. § 1462, I expressed the view that "[w]hatever the extent of the Federal Government's power to bar the distribution of allegedly obscene material to juveniles or the offensive

exposure of such material to unconsenting adults, the statute before us is clearly overbroad and unconstitutional on its face." 413 U. S., at 147–148. For the reasons stated in my dissent in *Miller* v. *California,* 413 U. S. 15, 47 (1973), I would therefore grant certiorari, and, since the judgment of the Court of Appeals for the District of Columbia Circuit was rendered after *Orito,* reverse.* In that circumstance, I have no occasion to consider whether the other questions presented merit plenary review. See *Heller* v. *New York,* 413 U. S. 483, 494 (1973) (BRENNAN, J., dissenting).

Finally, it does not appear that the obscenity of the disputed materials was adjudged by applying local community standards. Based on my dissent in *Hamling* v. *United States,* 418 U. S. 87, 141 (1974), I believe that, consistent with the Due Process Clause, petitioners must be given an opportunity to have their case decided on, and to introduce evidence relevant to, the legal standard upon which their convictions have ultimately come to depend. Thus, even on its own terms, the Court should vacate the judgment below and remand for a determination whether petitioners should be afforded a new trial under local community standards.

---

*Although four of us would grant certiorari and reverse the judgment, the Justices who join this opinion do not insist that the case be decided on the merits.