CITY OF SIOUX FALLS, Plaintiff
and Respondent,

v.

MINI–KOTA ART THEATRES, INC., of
Sioux Falls, South Dakota, Defendant
and Appellant.

No. 11614.

Supreme Court of South Dakota.

Dec. 3, 1976.
Rehearing Denied Jan. 18, 1977.

Duane C. Anderson, Sioux Falls, for plaintiff and respondent.

William Taylor, of Woods, Fuller, Shultz & Smith, Sioux Falls, for defendant and appellant.

\* Section 26–15 of the Ordinances of the City of Sioux Falls provides:

JONES, Circuit Judge.

The defendant was convicted of violating the Sioux Falls obscenity ordinance by showing the movie, "The Devil in Miss Jones," and was fined $300. We affirm.

Defendant is an Iowa corporation with a registered South Dakota agent residing in Rapid City. Service of process was made on two of defendant's employees in Sioux Falls and on the resident agent in Rapid City. Jurisdiction was thereby obtained over defendant.

■ Defendant asserts that the action should have been dismissed for failure to bring the case on for trial within two terms of court. SDCL 23–34–2. Counsel for defendant appeared before the municipal court on May 13, 1974, and entered a plea of "not guilty" for. defendant. He also requested that further consideration of the case be deferred until after the trial of the case involving the same defendant but a different movie. That case was tried at the June term of court. This case was then tried during the September term. Defendant's request resulted in a postponement upon its application, and the two-term time requirement was no longer applicable. *State v. Runge,* 1975, S.D., 233 N.W.2d 321.

■ Defendant also asserts the unconstitutionality of the statute permitting cities with municipal courts to impose greater penalties for violation of municipal ordinances than those municipalities without municipal courts. Our recent decision in *City of Aberdeen v. Meidinger,* 1975, S.D., 233 N.W.2d 331, provided that while such statutes were unconstitutional, the holding would be prospective only because that decision overruled prior settled law of South Dakota. Since this case was tried prior to our decision in *City of Aberdeen v. Meidinger,* supra, defendant cannot avail itself of that holding.

■ Defendant next contends that the Sioux Falls obscenity ordinance, Section 26–15,\* is so broad in its definition of obscenity

"As used in this chapter, unless the context plainly requires otherwise:

that it does not provide adequate warning of what conduct may be unlawful. The language of this ordinance was taken directly from *Miller v. California,* 1973, 413 U.S. 15 at 25, 93 S.Ct. 2607 at 2615, 37 L.Ed.2d 419 at 431, and sets forth a constitutionally permissible definition of obscenity.

Defendant asserts that the method by which the search warrant in this case was obtained violated its First Amendment freedoms, principally because the magistrate who issued the warrant did not view the film or conduct a prior adversary hearing before issuing the search warrant. *Heller v. New York,* 1973, 413 U.S. 483, 93 S.Ct. 2789, 37 L.Ed.2d 745, discusses the contentions made by defendant, but it does not mandate either requirement. We note parenthetically that SDCL 22–24–38 through 22–24–47 were not in force at the time of the seizure of this film. At that time, the only requirement of law was that a neutral magistrate must make a determination of probable obscenity before issuance of a search warrant authorizing the seizure of the film. In this case, the movie was viewed by two Sioux Falls detectives at defendant's theatre, and, following the viewing, one of the detectives prepared a four and one-half page affidavit which roughly summarized the contents of the movie. We conclude that the affidavit sets forth sufficient facts in sufficient detail to enable the magistrate to make a determination of probable obscenity under the Sioux Falls ordinance to justify his issuance of a warrant for the seizure of the film.

The final and most important issue presented by defendant is whether the rulings of the trial court on the admissibility of evidence deprived defendant of a fair trial and due process of law.

The trial court refused to permit two witnesses to give an opinion as to whether the movie, "The Devil in Miss Jones," exceeded the bounds of contemporary community standards in its appeal to prurient interest. Trial courts have wide discretion in regard to the admissibility of evidence, and this is particularly true in the case of expert testimony. 2 Wigmore on Evidence, § 561 (3rd Ed.); *State v. Spry,* 1973, 87 S.D. 318, 207 N.W.2d 504. Obscenity itself is not a subject which can be made the subject of expert testimony in the traditional sense. *Paris Adult Theatre I v. Slaton,* 1973, 413 U.S. 49, 93 S.Ct. 2628, 37 L.Ed.2d 446; 2 Jones on Evidence (Sixth Ed.), ¶ 14.31. However, expert testimony is admissible with regard to contemporary community standards of appeals to prurient interest or on the question of serious literary, artistic, political or scientific value.

The witnesses in this case were residents of the community who had seen the movie in question. There was no showing made that they had any expertise whatever on the issue of whether this movie, when considered from the viewpoint of the average person in the community, exceeded contemporary community standards in its appeal to the prurient interest. Their opinions were properly excluded.

Defendant also asserts as error the refusal of the trial court to receive in evidence other allegedly comparable sexually oriented materials which were offered both as being illustrative of contemporary community standards and as a part of the basis for witness Walton's expert testimony on the subject. The defendant offered in evidence the film, "Deep Throat," which had been the subject of a prior trial in Sioux

(a) 'Obscene' is defined as that which by contemporary community standards, taken as a whole, appeals to the prurient interest and
(1) Depicts or describes patently offensive representations or descriptions of ultimate sexual acts, normal or perverted, actual or simulated; or
(2) Depicts or describes patently offensive representations or descriptions of mastur-

bation, excretory functions, or lewd exhibits of the genitals; and
which, taken as a whole, lacks serious literary, artistic, political or scientific value.
(b) 'Prurient interest' is defined as a shameful or morbid interest in nudity, sex, or excretion which goes substantially beyond customary limits of candor in description or representation."

Falls and which was found by a jury not to be obscene, and a number of books and magazines purchased in Sioux Falls. Thus, the two categories of allegedly comparable materials which were offered in evidence in this case were: (1) material which had previously been the subject of litigation and had been found to be "constitutionally protected," and (2) materials openly available on the newsstands. *Hamling v. United States,* 1974, 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590.

It is apparent from reading the transcript of the trial in this case that the trial court and counsel were unable to articulate the foundation required before comparable materials would be admissible on the issue of contemporary community standards. We adopt the two-element test contained in *United States v. Womack,* 166 U.S.App.D.C. 35, 509 F.2d 368, cert. den. 422 U.S. 1022, 95 S.Ct. 2644, 45 L.Ed.2d 681. A defendant offering allegedly comparable material as evidence that the material on trial falls within acceptable contemporary community standards for appeals to prurient interest must lay a foundation showing that (1) the offered material is similar to the material on trial, and (2) there is a reasonable degree of community acceptance of works like his own. This foundation is not avoided by attempting to use the material as the basis for an expert opinion.

Applying this test, we are convinced that the trial court's rulings were properly made in the exercise of the sound discretion of the trial court. *State v. Damm,* 1936, 64 S.D. 309, 266 N.W. 667; *State v. Spry,* supra.

"The Devil in Miss Jones" was accurately described in one of the defendant's exhibits as hard core pornography. The evidence amply supported the verdict of the jury.

Affirmed.

All the Justices concur.

JONES, Circuit Judge, sitting for ZASTROW, Justice, disqualified.