UNITED STATES of America,
Plaintiff-Appellee,

v.

William PINKUS, doing business as "Rosslyn News Company" and "Kamera," Defendant-Appellant.

No. 76–1393.

United States Court of Appeals,
Ninth Circuit.

Aug. 11, 1978.

Bernard A. Berkman (argued), Beverly Hills, Cal., for defendant-appellant.

George C. King (argued), Los Angeles, Cal., for plaintiff-appellee.

Before WRIGHT and WALLACE, Circuit Judges, and ORRICK, District Judge.

EUGENE A. WRIGHT, Circuit Judge.

Following the issuance of this court's opinion on April 7, 1977, we directed that issuance of the mandate be stayed pending timely application for a writ of certiorari. The writ was granted and the Supreme Court reversed and remanded, holding the jury instructions improper insofar as they permitted children to be included in the community by whose standards obscenity was to be judged. *Pinkus, d/b/a "Rosslyn News Company" and "Kamera" v. United States*, —— U.S. ——, 98 S.Ct. 1808, 56 L.Ed.2d 293 (1978). Portions of the charge relating to sensitive persons, deviant groups and pandering were approved.

The Supreme Court held also that we improperly invoked the concurrent sentence doctrine in declining to address the trial court's rejection of the defendant's offers of sexually explicit films, allegedly "compara-

ble" to the charged film "No. 613," as evidence of community standards. Because there may be a new trial, and because this issue is likely to be raised again, we offer the following guidelines for the district court.

■ The admissibility of "comparables" in obscenity prosecutions has been a subject of confusion. *Womack v. United States*, 166 U.S.App.D.C. 35, 509 F.2d 368, 374 (1974), *cert. denied*, 422 U.S. 1022, 95 S.Ct. 2644, 45 L.Ed.2d 681 (1975). "The defendant in an obscenity prosecution, just as a defendant in any other prosecution, is entitled to an opportunity to adduce relevant, competent evidence bearing on the issues to be tried." *Hamling v. United States*, 418 U.S. 87, 125, 94 S.Ct. 2887, 2911, 41 L.Ed.2d 590 (1974). *See also United States v. Manarite*, 448 F.2d 583, 593 (2d Cir.), *cert. denied*, 404 U.S. 947, 92 S.Ct. 281, 30 L.Ed.2d 264 (1971). But there are foundational requirements for admissibility of such evidence that have evolved as logical indicia of its materiality and relevance.

■ We earlier explained that a defendant must meet a two-pronged test to establish that the proffered comparable materials are admissible as probative of community standards. First, there must be a reasonable resemblance between the proffered comparables and the allegedly obscene materials. Second, the proponent must establish a reasonable degree of community acceptance of the proffered comparables. *United States v. Pinkus*, 551 F.2d 1155, 1161 (9th Cir. 1977) (*citing United States v. Jacobs*, 433 F.2d 932, 933 (9th Cir. 1970)).

We held that the assertedly comparable films, "Deep Throat" and "The Devil in Miss Jones," satisfied the first prong of the *Jacobs* test because they bore reasonable resemblance to the film "No. 613." *Id.* We did not decide whether the second prong had been satisfied, but that is another question.

■ Whether a foundational showing is sufficient to meet the second prong of the *Jacobs/Womack* test is a matter for the trial judge to determine as he has "wide discretion whether to permit the introduction" of comparable materials. *Womack*, 509 F.2d 378. We express no opinion as to whether the foundational showing made does or does not suffice.

■ Admittedly, this is a difficult area and the standards are ill-defined. "Decisions regarding admissibility require application of the balancing formula in the [Federal Rules of Evidence], an undertaking unmistakably committed to the discretion of the trial judge." *United States v. McDonald*, 576 F.2d 1350, 1357 n. 10 (9th Cir. 1978). *See* Fed.R.Evid. 401–403. On remand the trial court will exercise its discretion in deciding whether to admit the evidence as well as in deciding how much of each comparable need be displayed to the jury.

■ Should the defendant be retried, he should be given opportunity to make the necessary showing. Preferably that could be done in a separate hearing outside the presence of the jury. *See Womack*, 509 F.2d at 377–78 n. 23. The record should reflect with clarity the grounds for the trial court's ruling on the evidence.

The opinion is withdrawn and the cause is remanded to the district court. The mandate will issue now.