In the Matter of the Charge of Laura
SEDLACEK, Charging Party
and Appellee,

v.

SOUTH DAKOTA TEENER BASEBALL
PROGRAM; South Dakota Commission
of Human Rights, Appellant.

Nos. 16246, 16248, 16262 and 16263.

Supreme Court of South Dakota.

Argued Nov. 29, 1988.

Decided March 22, 1989.

Jane L. Wipf of Lynn, Jackson, Schultz & Lebrun, Rapid City, for charging party and appellee.

Jeffrey P. Hallem, Asst. Atty. Gen., Pierre, for appellant South Dakota Com'n of Human Rights; Roger A. Tellinghuisen, Atty. Gen., Pierre, on brief.

Jane M. Farrell and Patrick M. Ginsbach, Hot Springs, for South Dakota Teener Baseball Program.

MORGAN, Justice.

This decision is the final phase of an administrative appeal from a decision of the Human Rights Commission (Commission) dismissing a complaint filed by Laura Sedlacek (Sedlacek) against the South Dakota Teener Baseball Program (Teener),[1] charging Teener with sexual discrimination in public accommodations in the conduct of the annual Teener Baseball tournament, wherein girls are ineligible to participate. Commission dismissed the complaint on the grounds that SDCL 20–13–22.1(2) exempted Teener from the provisions of the Human Rights Act, SDCL ch. 20–13. On appeal, the circuit court decided that the statutory exemption[2] was an unconstitutional deprivation of equal protection under the provisions of both the South Dakota and the United States Constitutions and directed that Sedlacek be permitted to play on any team for which she was otherwise qualified. Teener and Commission appeal. We reverse.

A brief factual background regarding Sedlacek's activities is necessary. At the time of the filing of the complaint in May, 1987, Sedlacek was a fifteen-year-old female who resided with her family in Edgemont, South Dakota. In 1986, for some reason not explained in the record, she began playing baseball for the team in Provo, some eight miles distant, rather than the Edgemont team. She played in the 1986 Teener Tournament under protection of a temporary restraining order. Her complaint was filed when she was told again, in April 1987, that she could not play on the Provo team because she was a girl.

Sedlacek appealed the dismissal of her complaint to the Circuit Court for the Seventh Judicial Circuit, Fall River County. The Circuit Court determined that the statutory exception applicable to Teener is unconstitutional under both state and federal constitutions on equal protection grounds alone. Sedlacek raised other constitutional arguments, but the trial court chose to base its decision on equal protection grounds.

The trial court, applying the reasonable basis test, was "unable to discern any reasonable basis for allowing veteran sponsored sports activities to discriminate against girls, while prohibiting the same type of conduct by other organizations." The trial court further determined that "[t]here is no reason to treat the two groups differently and a statute that does so is necessarily unreasonable and arbitrary."

Based on the findings of fact and conclusions of law, the trial court entered judgment reversing the decision of the Commission, declaring SDCL 20–13–22.1(2) unconstitutional, and directed that Sedlacek be allowed to compete on any Teener baseball team for which she otherwise qualifies.

On appeal, Commission and Teener raised three issues:

1. Whether the trial court erred in holding SDCL 20–13–22.1(2) unconstitutional.

The provisions of this chapter which prohibit discrimination on the basis of sex shall not apply to the programs or activities of the following when conducted for any educational, social or recreational purpose:
....
(2) Nationally chartered veterans organizations or any organization, agency or corporation directly affiliated therewith[.]

---

1. Teener Baseball is a program sponsored by the South Dakota Veterans of Foreign Wars (VFW) open to boys thirteen to fifteen years of age inclusive. The program's rules prohibit girls from competing in its state baseball tournament.

2. The relevant part of SDCL 20–13–22.1 considered by the trial court was as follows:

2. Whether the trial court erred in not remanding the case to Commission.

3. Whether Sedlacek has standing to file a charge of discrimination (Teener alone).

Sedlacek, by notice of review, also raises the issue whether SDCL 20–13–22.1(2) violates South Dakota's prohibition against special legislation (Art. III, § 23(9)). None of the parties have raised any issue as to whether the Teener program constitutes a public accommodation, so we leave that question for another day when it is briefed and argued.

■ We first address the standing issue. Teener argues that since Sedlacek played in the 1986 tournament, and since she was probably precluded from playing in the 1987 tournament because Edgemont did not have sufficient players to field a team, she sustained no injury. In our opinion, this is a non-issue. Sedlacek had to obtain a court order to participate in the 1986 tournament. Teener failed to develop the record on whether she could or did play in the 1987 tournament so we deem that issue abandoned.

■ Nor are we persuaded that it has been rendered moot by the passage of time while the case was in the legal system. As we have previously said, "appellate opinions are not given for the purpose of settling abstract or theoretical questions but only to decide actual controversies which have injuriously affected the rights of a party to the litigation." *Rapid City Journal v. Circuit Court, Etc.,* 283 N.W.2d 563, 565 (S.D.1979). A well-recognized exception to the mootness rule is the case where "the underlying dispute between the parties is one 'capable of repetition, yet evading review.'" *Id.* (Citation omitted.) We have also held that there is a public interest exception to the mootness rule under exceptional circumstances and have repeatedly held that to qualify for that exception, the following three criteria must be met: general public importance, probable future recurrence, and probable future mootness. *Wheeldon v. Madison,* 374 N.W.2d 367 (S.D.1985).

■ We determine that the issue is not moot for several reasons. First, absent a review by this court, a statute, or portion thereof, would be considered to be unconstitutional, at least in the Seventh Judicial Circuit, thus injuriously affecting Teener's programs in that area of the state. Again, it is an issue that is capable of repetition, yet evading review, as the program is carried on throughout the rest of the state. Finally, it meets the public interest criteria of that exception. Thus, although there is strong precedent to avoid the determination of a constitutional issue if the decision can be made on other grounds, we will proceed to examine the constitutional issues.

We first examine the equal protection issue. As we have previously noted, the trial court applied the rational basis test in arriving at its decision. On appeal, Sedlacek argues that this court should give the statute heightened or intermediate scrutiny because its effect is to promote gender-based discrimination. We note that her notice of review did not claim any error on the part of the trial court in this regard. However, we do not have to reach that argument.

■ In our opinion, the trial court made two significant errors in arriving at the decision below. First, the trial court gave no heed to the long-standing admonition:

> There is a strong presumption that the laws enacted by the legislature are constitutional and that presumption is rebutted only when it clearly, palpably and plainly appears that the statute violates a provision of the constitution.

*Oien v. City of Sioux Falls,* 393 N.W.2d 286, 289 (S.D.1986); *Matter of Certain Territorial Elec. Boundaries, Etc.,* 281 N.W.2d 65 (S.D.1979). Further, the party challenging the constitutionality of a statute bears the burden of proving beyond a reasonable doubt that the statute violates a state or federal constitutional provision. *Id.* at 69.

■ In this instance, the trial court viewed subsection (2) out of context from the balance of the statute and determined

that it alone was arbitrary. As we view the statute in its entirety, we perceive a legislative intention to exempt from the workings of the chapter a wide range of programs, self-contained and sponsored by a variety of organizations that had been operating in the state for many years prior to the enactment of the chapter. In this regard, it may be noteworthy that nation-wide American Legion Junior Baseball program, clearly one of the programs that would be affected by this decision, was conceived and founded here in the state of South Dakota as memorialized by a monument erected at Milbank, in Grant County. We are of the opinion that, coupling the exemption of subsection (2) with the other exemptions set out in the statute, scouting programs, sorority and fraternity programs, father-son, mother-daughter programs, evidences an intent on the part of the legislature to preserve these historically active programs which could probably have been grandfathered in when the chapter was enacted, had anyone thought about it.

In *City of Aberdeen v. Meidinger,* 89 S.D. 412, 233 N.W.2d 331 (1975), we utilized a two-prong test to determine whether the equal protection clause had been violated. The first prong was to determine whether "the statute [sets] up an arbitrary classification among various persons subject to it." 89 S.D. at 415, 233 N.W.2d at 333. Reading the statute as a whole, rather than out of text as the trial court did, we are of the opinion that the classifications set out therein are not arbitrary. Therefore, we need not decide whether the proper test in the second prong is the rational basis test used by the trial court or a heightened scrutiny as advocated by Sedlacek. We reverse the trial court's decision that SDCL 20–13–22.1(2) is unconstitutional.

■ We next address Sedlacek's issue on the unconstitutionality of the statute as violative of the prohibition against special legislation found in Article III, § 23(9) of the South Dakota Constitution. That provision reads:

The legislature is prohibited from enacting any private or special laws in the following cases:

  . . . .

  9. Granting to an individual, association or corporation any special or exclusive privilege, immunity or franchise whatever.

Sedlacek argues that "the legislature violated the constitutional guarantee by exempting nationally chartered veterans organizations on the pretext of establishing a general class. There are any number of groups that also sponsor social, educational and recreational programming. There is no valid basis for offering special protection only to veterans groups." Again, Sedlacek would have us read SDCL 20–13–22.-1(2) in isolation. We again decline to do so. Reading the exemption statute as a whole, we again perceive the general class to be all those organizations, including, but not specifically limited to, veterans organizations which have historically provided programs or activities for educational, social or recreational purposes. In that context, the exemption does not violate the constitution. As we said in *Behrns v. Burke,* 89 S.D. 96, 99, 229 N.W.2d 86, 87 (1975):

A legislature has successfully avoided this prohibition when a statute is 'so framed in good faith that by its terms it should apply to all parts of the state and operate on all members of the class when they come within the scope and purpose of the enactment.' Generally, a legislature may define any class it wishes, and so long as all members of that class are treated alike the prohibition against private or special laws is not violated[.] (Citation omitted.)

We find no violation of either the federal or state constitution as urged by Sedlacek and reversal of the trial court's judgment obviates any necessity for discussion of the issue on the trial court's failure to remand to the Commission.

We reverse.

WUEST, C.J., and HENDERSON and MILLER, JJ., concur.

SABERS, J., dissents.

SABERS, Justice (dissenting).

I would affirm the trial court and hold SDCL 20–13–22.1(2) unconstitutional as it applies to this case. SDCL 20–13–22.1 provides:

The provisions of this chapter which prohibit discrimination on the basis of sex shall not apply to the programs or activities of the following when conducted for any educational, social or recreational purpose:

(1) Voluntary youth service organizations, the membership of which has been traditionally limited to members of one sex and principally to persons of nineteen years of age or less;

(2) Nationally chartered veterans organizations or any organization, agency or corporation directly affiliated therewith;

(3) Mother-daughter or father-son activities;

(4) Social fraternities or sororities, the active membership of which consists primarily of students in attendance at institutions of higher education;

(5) Any individual officers or members of such organizations or other individuals co-operating therewith in the conduct of such activities or programs as are listed in subdivisions (1) to (4), inclusive.

The statute creates two classifications. The statute exempts, from the anti-discrimination provisions, any activities conducted for educational, social or recreational purposes by organizations or through programs listed in the five subsections. However, other organizations or individuals which conduct educational, social or recreational activities are not exempt. The question raised on these facts is whether the classification created by subsection (2), which permits discriminatory practices by veteran organizations, violates the equal protection clauses of the state and federal constitutions.

The trial court found that SDCL 20–13–22.1(2) failed the rational basis test as it was arbitrary and unreasonable.[1] The majority reverses the trial court's finding by asserting that the trial court erred in failing to give "heed" to the strong presumption of constitutionality to be given a statute, and in viewing subsection (2) out of the context of the entire statute. Even a "strong presumption" of constitutionality does not rid the statute of its constitutional deficiencies.

The purpose of the South Dakota Human Relations Act is to prevent and remedy discrimination. Therefore, the question is whether a reasonable basis exists to permit discrimination by veteran organizations conducting educational, social or recreational activities, but not other organizations or individuals conducting the same activities. The majority attempts to find a reasonable basis for the distinction by reading the statute as a whole, and stating "we perceive a legislative intention to exempt from the workings of the chapter a wide range of programs, self-contained and sponsored by a variety of organizations that had been operating in the state for many years prior to the enactment of the chapter." The majority seems to be saying that because veteran organizations have always discriminated in the past, we should permit them to continue to do so. If this is the sole reason for creating the exemption for veteran organizations, it defeats the whole purpose for the Human Relations Act and is not reasonable. Neither the majority nor Teener have suggested any other reason for the distinction between veteran and non-veteran organizations.

Because SDCL 20–13–22.1 also exempts scouting programs, father-son and mother-daughter programs, sorority and fraternity

---

1. The trial court stated:

This Court is frankly at a loss to discern any reasonable basis for allowing veteran sponsored sports activities to discriminate against girls, while prohibiting the same type of conduct by other organizations. If discrimination by a private non-profit club is an activity to be decried and disapproved of, then it stands to reason that the same type of discrimination should be decried and disapproved of when it is carried out by a veterans organization. Simply put, there is no reason to treat the two groups differently, and a statute that does so is necessarily unreasonable and arbitrary.

programs from the discriminatory provisions, it is argued that there is a rational basis to exempt veteran organizations. The other subsections all differ from subsection (2) in that they involve exemptions for specific programs, while subsection (2) broadly exempts all veteran organizations. The exemptions in the other subsections *may* have a rational basis, but they are not at issue in this case. The sole issue is whether the exemption for subsection (2) is unreasonable and invalid. It is interesting that the legislature has provided for this contingency. SDCL 20–13–55 provides that invalid provisions of the Human Relations Act are severable and should be severed.

The legislative classification must be reasonable, not arbitrary, and must be based on some distinction having a legitimate relation to the object of that legislation to survive minimal scrutiny. *City of Aberdeen v. Meidinger*, 89 S.D. 412, 233 N.W.2d 331 (1975); *Behrns v. Burke*, 89 S.D. 96, 229 N.W.2d 86 (1975). While the legislature is given greater deference under the reasonable basis test, the legislation must have some legitimate purpose. *United States Railroad Retirement Bd. v. Fritz*, 449 U.S. 166, 101 S.Ct. 453, 66 L.Ed.2d 368 (1980). The fact, if it is fact, that veteran organizations have always discriminated is not a reasonable basis to create the classification in subsection (2) and that subsection is arbitrary and unreasonable.

The trial court and the majority both applied minimal scrutiny to SDCL 20–13–22.1(2) by using the rational basis test. I believe the statute should be subject to heightened scrutiny because it is gender conscious. *Craig v. Boren*, 429 U.S. 190, 97 S.Ct. 451, 50 L.Ed.2d 397 (1976); *Reed v. Reed*, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971).[2] "[C]lassifications by gender must serve important governmental objectives and must be substantially related to achievement of those objectives." *Craig,*

*supra*, 429 U.S. at 197, 97 S.Ct. at 457. SDCL 20–13–22.1 permits discrimination on the basis of sex for specifically exempted organizations. Though the impact upon women may not be any more adverse than upon men, the effect of the statute is to permit gender-based discrimination. The majority states that because they find the statute does not violate the first prong of the two-prong rational basis test set out in *Meidinger*, heightened scrutiny is unnecessary. This is not the proper test to determine which level of scrutiny is necessary. Until it is determined whether a classification is suspect or gender based, the proper level of scrutiny cannot be addressed. The majority applies the two-prong rational basis test without even discussing whether the classification is gender based. The statute is gender based. *Craig* and *Reed* provide that where the statute is gender based the rational basis test is inapplicable. The heightened scrutiny test is proper for gender-based discrimination. *Craig, supra*. Applying this heightened scrutiny, it is clear that the classification created by subsection (2) does not serve an important governmental objective.

I would affirm the trial court and hold that subsection (2) is unconstitutional under the equal protection clauses of the state and federal constitutions as it fails under either test, rational basis or heightened scrutiny.

---

**2.** Since *Reed* the Supreme Court has held that traditional rational basis analysis is not sufficient scrutiny where a statutory classification is gender based. *Craig, supra*. The heightened or intermediate level of scrutiny for gender-based, statutory classifications should not be confused with the highest level of scrutiny where there is a suspect classification. *Palmore v. Sidoti*, 466 U.S. 429, 104 S.Ct. 1879, 80 L.Ed.2d 421 (1984); *Loving v. Virginia*, 388 U.S. 1, 87 S.Ct. 1817, 18 L.Ed.2d 1010 (1967); *Behrns, supra*. When there is a suspect classification there must be an overriding or compelling governmental interest for the classification and the classification must be the least restrictive means to achieve that purpose. *Id.*