STATE of Iowa, Appellee,

v.

Dwight WAGES and Stephen Edward Kauvar, Appellants.

No. 90–1847.

Supreme Court of Iowa.

April 15, 1992.

Marc B. Delman, Omaha, Neb., for appellants.

Bonnie J. Campbell, Atty. Gen., Thomas S. Tauber, Asst. Atty. Gen., Richard Crowl, County Atty., and Drew Kouris, Asst. County Atty., for appellee.

Considered by McGIVERIN, C.J., and SCHULTZ, CARTER, LAVORATO and ANDREASEN, JJ.

McGIVERIN, Chief Justice.

Defendants Dwight Wages and Stephen Edward Kauvar appeal from their convictions of multiple counts of selling pornography. *See* Iowa Code § 728.4 (1989), as amended, 1989 Iowa Acts ch. 263, § 2. On this appeal, defendants contend that Iowa Code section 728.4 is unconstitutionally vague and overly broad. Defendants also argue that the district court erred by refusing to admit into evidence certain "comparable" materials which defendants claim were available and accepted throughout the community. We affirm.

I. *Background facts and proceedings.* From the evidence presented at trial, a jury could have found the following facts. In November and December 1989, defendants Wages and Kauvar were co-employees at a certain bookstore in Council Bluffs. On two separate occasions during those months, undercover police officers from the Council Bluffs police department entered the bookstore and purchased a videotape and several magazines. On one occa-

sion in November, two citizens purchased from the same bookstore a videotape and a magazine which the citizens provided to the Council Bluffs police department.

After reviewing the videotapes and the magazines, the State filed trial informations charging Wages and Kauvar with several counts of selling pornography in violation of Iowa Code section 728.4. *See generally Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973). After defendants' joint criminal trial, a jury returned verdicts of guilty on all counts. The district court thereafter sentenced defendants. *See* Iowa Code §§ 728.4, 903.-1(2). Defendants appealed, and we now consider the issues raised.

■■■ II. *Constitutional challenge to section 728.4.* On this appeal, defendants contend that Iowa Code section 728.4 is unconstitutionally vague and overly broad. However, our review of the record reveals that defendants have not raised these contentions at any time prior to this appeal. We have held that issues not raised before the trial court, including constitutional issues, cannot be raised for the first time on appeal. *State v. Johnson*, 476 N.W.2d 330, 333 (Iowa 1991); *State v. Moorhead*, 308 N.W.2d 60, 64 (Iowa 1981). More specifically, in order to preserve for review any alleged error in ruling on the constitutionality of a statute, a party challenging the statute must do so at the earliest available opportunity in the progress of a case. *State v. Allen*, 304 N.W.2d 203, 206 (Iowa 1981).

Because defendants did not raise their constitutional contentions at any time before this appeal, no error has been preserved, and there is nothing for us to review as to this assignment.

■■ III. *Exclusion of "comparable" evidence.* At trial, the State introduced

the videotapes and magazines which had been purchased from the bookstore where defendants Wages and Kauvar were co-employees. The State sought to prove that Wages and Kauvar had sold the materials, and that those materials were "obscene" as defined in Iowa Code section 728.4.[1]

Prior to trial, defendants procured several videotapes, books, magazines, and birthday cards from various merchants in the Council Bluffs area. Defendants sought to introduce these items at trial in order to demonstrate the types of material available throughout the community. The State objected to admission of the materials as being irrelevant and without proper foundation. The district court sustained the objections. Defendants now argue that the materials they procured and offered at trial were relevant to establishing the "statewide contemporary community standards" which jurors must apply in determining whether a given item "appeals to the prurient interest." *See* Iowa Code § 728.4. *Cf. State v. Groetken*, 479 N.W.2d 298, 300 (Iowa 1991) (State not required to prove "statewide contemporary community standards" as an element of crime of rental or sale of hard-core pornography). For these reasons, defendants assert that the district court erred by sustaining the State's objections and by refusing to admit into evidence those materials which they had procured. We disagree.

■■ As a general matter, a defendant in an obscenity prosecution, "just as a defendant in any other prosecution, is entitled to an opportunity to adduce relevant, competent evidence bearing on the issues to be tried." *Hamling v. United States*, 418 U.S. 87, 125, 94 S.Ct. 2887, 2911–12, 41 L.Ed.2d 590, 625 (1974). However, a trial court has wide discretion in ruling on the admissibility of "comparison evidence" such as that offered by defendants Wages

---

1. Iowa Code section 728.4 provides, in part:

A person who knowingly rents, sells, or offers for rental or sale material depicting patently offensive representations of oral, anal, or vaginal intercourse, actual or simulated, involving humans, or depicting patently offensive representations of masturbation, excretory functions, or bestiality, or lewd exhibition of the genitals, which the average adult taking the material as a whole in applying statewide contemporary community standards would find appeals to the prurient interest; and which material, taken as a whole, lacks serious literary, scientific, political, or artistic value, *upon conviction is guilty of an aggravated misdemeanor.*

and Kauvar. *See, e.g., United States v. Battista,* 646 F.2d 237, 245 (6th Cir.1981), *cert. den.,* 454 U.S. 1046, 102 S.Ct. 586, 70 L.Ed.2d 488 (1981); *United States v. Pinkus,* 579 F.2d 1174, 1175 (9th Cir.1978); *United States v. Womack,* 509 F.2d 368, 378 (D.C.Cir.1972), *cert. den.,* 422 U.S. 1022, 95 S.Ct. 2644, 45 L.Ed.2d 681 (1975). *See generally State v. Alvey,* 458 N.W.2d 850, 852 (Iowa 1990).

■ Cases from other jurisdictions indicate that before a trial court may admit such "comparison evidence" as probative of community standards, a party must provide a foundation showing (1) that the proffered evidence is reasonably similar to the allegedly obscene materials at issue in the case, and (2) that the proffered evidence has a reasonable degree of community acceptance. *See, e.g., Pinkus,* 579 F.2d at 1175; *Womack,* 509 F.2d at 376–77; *United States v. Jacobs,* 433 F.2d 932, 933 (9th Cir.1970); *State v. Carlson,* 291 Minn. 368, 373, 192 N.W.2d 421, 425 (1971); *City of Sioux Falls v. Mini-Kota Art Theatres, Inc.,* 247 N.W.2d 676, ·679 (S.D.1977). These foundational requirements, which we adopt, are merely logical prerequisites under traditional concepts of materiality and relevancy. *See* Iowa R.Evid. 401–403; *Womack,* 509 F.2d at 376.

■ On this appeal, defendants contend the district court should have admitted their offered materials in order to allow defendants to demonstrate that materials similar to those which they had sold to the State's witnesses were available and accepted throughout the community. At trial, however, the only argument defendants advanced to establish the probative value of their proffered materials was that the materials were available throughout the community. Defendants' counsel specifically stated that defendants' materials were *not* being offered to show any similarity to the materials which defendants had allegedly sold. Thus, defendants did not establish the first prong of the foundational requirements for admission into evidence of "comparison" material. Defendants cannot now advance arguments to establish the relevance of their offered ma-

terials which were not articulated to the district court. *See, e.g., Lemke v. Mueller,* 166 N.W.2d 860, 870 (Iowa 1969) (error does not lie in the exclusion of evidence offered on an inadmissible ground even though it might have been admissible had it been offered on another and different ground). *See generally Ragee v. Archbold Ladder,* 471 N.W.2d 794, 798 (Iowa 1991) (party may not assert grounds in post-verdict motion not asserted in pre-verdict motion); *State v. Ritchison,* 223 N.W.2d 207, 212 (Iowa 1974) (purpose of offer of proof is to make meaningful record for appellate review).

Accordingly, we conclude that the district court did not abuse its discretion in sustaining the State's objection and refusing to allow into evidence the defendants' offered materials.

IV. *Disposition.* In sum, we conclude that defendants failed to preserve for our review their challenge to the constitutionality of section 728.4. We also conclude that the district court did not commit reversible error in refusing to admit into evidence the "comparison" materials offered by defendants.

AFFIRMED.