THOMAS, Plaintiff, v. MISER, Judge, et al., Defendants.

(207 N. W. 58.)

(File No. 6148.    Opinion filed February 1, 1926.)

1.  **Bastards—Statutes—Proceedings Under Bastardy Act Deprive Defendant of no Substantial Right, Though Birth Occurred After Passage of Uniform Illegitimacy Act.**

    Proceeding in bastardy, under Rev. Code 1919, Sec. 2982, and Sec. 2981, as amended by Laws 1921, c. 137, Sec. 1, up to time of filing complain in circuit court, substantially comply with Uniform Illegitimacy Act, and hence deprived defendant of no substantial right, though birth occurred in 1925.

2.  **Bastards—Criminal Law—Witness—Trial—Court Did Not Lose Jurisdiction of Defendant by Substituting Name of Prosecuting Witness for State as Plaintiff.**

    Where bastardy action was prosecuted under Rev. Code 1919, Secs. 2982-2984, 2986-2990, and Secs. 2981, 2985, as amended by Laws 1921, c. 137, Secs. 1, 2, in accordance with requirements of Uniform Illegimitmacy Act, up to time of filing complaint in circuit court, court acquired jurisdiction of defendant, and did not lose it by substitution of name of prosecuting witness for "State of South Dakota" as plaintiff.

3.  **Bastards—Pleading—Crimnal Law—References to Sections of Earlier Statutes in Bastardly Complaint, Based on Birth After Adoption of Uniform Illegitimacy Act, Surplusage.**

    In bastardy proceedings, based on birth occurring after passage of Uniform Illegitimacy Act, references to sections of Revised Code of 1919 in original complaint were surplusabe and properly stricken.

4.  **Bastards—Appeal and Error—Order Denying Motion to Quash Bastardly Complaint Held Not Appealable.**

    Under Rev. Code 1919, Secs. 3168, 5031, an order denying motion to quash bastardy complain held not appealable; questions of repeal of Bastardy Act, under which action was brought and substitution of prosecutrix's name for state as plaintiff, not affecting merits of action, and right to trial by jury or unbiased court not being violated.

Original proceeding by Verne Thomas against Walter G. Miser, Judge of the Seventh Judicial Circuit, and another, for the permanent injunction and meantime restraining order. Restraining order vacated, and application denied.

*George E. Flavin,* of Rapid City, for Plaintiff.

*Schrader & Lewis,* of Rapid City, and *John P. Everett,* of Sturgis, for Defendants.

(2)  To point two of the opinion, Defendant cited: Butler v. Ash, 9 S. D. 911.

(4)  To point four Plaintiff cited: White v. Railway Company, 5 Dak. 508; Greeley v. Windsor, 2. S. D. 361; Russell v. Whitcomb, 14 S. D. 426; McMannis v. Mulloy, 30 S. D. 373; State Bank v. Carleton, 44 S. D. 129; Church v. Church, 270 Fed. 361, 14 A. L. A. 769.

Defendant cited: Whitney v. Ritz (N. D.), 140 N. W. 676; Harris Manufacturing Co. v. Welsh, 2 Dak. 41.

SHERWOOD, J.  A bastardy action was brought against plaintiff in May, 1925, before Ward Soule, a justice of the peace. The complaint was drawn, and proceedings, before the justice, had under sections 2981 to 2990, R. C. 1919, as amended by chapter 137 of the Laws of 1921, commonly known as "the Bastardy Act," and fully complied with the provisions of that act as amended.

The case was entitled the State of South Dakota v. Verne Thomas, and alleged the acts of defendant were contrary to certain enumerated provisions of said act, as amended by chapter 137, Session Laws of 1921.  A warrant of arrest was issued. Defendant was arrested and brought before the justice, and gave bond for his appearance in the sum of $1,000.  After several continuances, the cause was heard before the justice May 12, 1925.

At defendant's request, the testimony was reduced to writing. A demurrer and several motions of defendant to dismiss were overruled, and defendant by his counsel cross-examined Inez Allen, complainant.  No testimony was offered by defendant.  The justice then found:

"There was reasonable grounds to believe the defendant guilty, and ordered that he be held to answer to the charge of bastardy at the next term of the circuit court."

—and fixed the amount of the bond which was duly given and approved.

This cause was placed on the circuit court criminal calendar at the May, 1925, term, under the title "the State of South Dakota v. Verne Thomas," and thereafter defendant Thomas filed a demurrer to the complaint.  On argument of the demurrer, attorneys for complainant, Inez Allen, asked leave to amend her com-

plaint, and thereafter the demurrer was sustained, and leave to amend granted as follows:

It is hereby ordered that the said demurrer of the defendant to the complaint in this action be and the same is hereby sustained, and upon application of plaintiff leave granted to file an amended complaint with Inez Allen substituted as plaintiff, and in lieu of the reference to the Code and Session Laws sections and chapters contained in the present complaint to substitute therefor reference to chapter 295 of the 1923 Session Laws; such amendment to be filed forthwith."

An amended complaint, sworn to before Ward Soule, justice of the peace, was forthwith filed. This complaint was in substance identical with the first complaint, except Inez Allen was named as plaintiff, and all reference to the Bastardy Act of 1919 was omitted. This complaint was served on one of the attorneys for Verne Thomas, defendant, May 29, 1925, and service admitted on that date.

At the December term, 1925, the case of the State of South Dakota v. Verne Thomas did not appear on the criminal calendar, but the case of Inez Allen v. Verne Thomas appeared on the civil calendar as case No. 6581. On that day, and on the preliminary call of the calendar, Verne Thomas, by his attorney, gave notice of motion to strike the cause from the calendar on the ground defendant had not been served with summons and complaint, and had been given no preliminary hearing in justice court. Motion was denied, and the case set down as the seventh jury case for trial.

On December 16th, when the case was reached for trial, defendant Thomas moved to quash the complaint on the following grounds:

"I. That the said complaint ,or any complaint in the above-entitled action, was not made to and filed with the said Ward Soule, therein described as a justice of the peace, or to or with any other justice of the peace.

"II. That the said complaint, or any complaint in the above-entitled action, was not found, indorsed, presented, and filed in the manner or form prescribed or provided by the laws of the state of South Dakota.

"III.   That the complaint filed herein is not such a complaint as is permitted by law to be filed in the office of the clerk of this court, and that this court has no jurisdiction of this action under the said complaint or under or by virtue of any other complaint filed herein.

"IV.   That no warrant, summons, or process of any kind, in the above-entitled action, has been issued by or with any court or served upon the above-named defendant, and that no appearance of any kind in any court has been made by the defendant in the above-entitled action.

"V.   That the defendant has not had a preliminary examination upon the said complaint or any complaint in the above-entitled action; and that the defendant has not waived a preliminary examination or hearing or his rights thereto."

Motion denied, and defendant excepts.

Thereafter defendant served and filed his notice of appeal from this order, and made application to the court for a stay of proceedings and an order fixing the amount of the bond on appeal. This was denied on the following grounds:

"That the said order refusing the motion to quash and set aside the complaint is not an appealable order, for the reason that the same is not a final order affecting a substantial right made in special proceedings or an order affecting a substantial right made in any action which in effect determines the action and prevents a judgment from which an appeal might be taken, neither does it involve the merits of the proceedings in this case, or any part thereof.

"It is further ordered that said proceedings be continued in the orderly and regular course of trial before the court and jury."

Thereupon the matter was brought before this court on an order to show cause and meantime restraining order, in which Verne Thomas was named as plaintiff and Walter G. Miser, Judge of the Seventh judicial circuit, and Inez Allen, defendants, directing them to show cause why they should not be permanently enjoined from prosecuting the proceedings now pending in the circuit court of Pennington county in which Inez Allen is plaintiff and Verne Thomas defendant, and why said complaint should not be vacated, set aside, and stricken from the files of the clerk's office.

Three questions are presented: (1) Was the Bastardy Act repealed by the Uniform Illegitimacy Act of 1923? (2) Did the court have jurisdiction to amend this complaint? (3) Was this order appealable?

[1] 1. Chapter 295 of the Session Laws of 1923 enacted what is known as the Uniform Illegitimacy Act. As this birth occurred in 1925, it is clear that the Uniform Illegitimacy Act of 1923 would govern, if inconsistent with the Bastardy Act of 1919, as amended.

We do not think it is necessary in this case to determine whether the Uniform Illegitimacy Act did or did not repeal the Bastardy Act of 1919, and we do not decide that question. It is clear from an examination of section 2981 and section 2982, R. C. 1919, that the proceedings in bastardy under those two sections, at least down to and including the filing of the complaint in the circuit court, are not only consistent with, but are practically identical with, the proceedings to that point under the Uniform Illegitimacy Act.

[2] 2. It is therefore clear that the proceedings in this case, so far as they have gone, substantially comply in all respects with the proceedings required under the Uniform Illegitimacy Act, and the plaintiff in this proceeding has been deprived of no substantial right. It should be observed that neither the Bastardy Act of 1919 nor the Uniform Illegitimacy Act specifically provides who shall be plaintiff. Under the Bastardy Act of 1919 some cases were brought in the name of the state as plaintiff, others in the name of the state on the relation of the complainant, and it is clear under either act that both the state and the complainant might have interests to protect in the suit. The state certainly would have if either mother or child were liable to become a county charge. The mother certainly had an interest to recover the expenses caused by her confinement and assistance in support of the child. The Uniform Illegitmacy Act, recognizing these various interests, provides that the action may be brought by the mother, if for support; by the authorities, if the child is liable to become a public charge; or by a guardian or next friend, if the mother dies. It will be observed that, regardless of who is plaintiff, the object of the action is always the same; namely, to compel the father to furnish support for his child.

In the complaint filed in the justice's court entitled The State of South Dakota v. Verne Thomas it was distinctly pleaded that it was "the complaint of Inez Allen." A complaint sufficient under the Bastardy Act of 1919 was also sufficient under the Uniform Illegitimacy Act of 1923. Defendant Thomas could not possibly have been misled because the complaint was entitled "State of South Dakota v. Verne Thomas." Every step required under the Uniform Illegitimacy Act was taken in this proceeding.

The court, therefore, acquired jurisdiction of defendant by the proceedings had, and such jurisdiction was not lost by substituting the name of Inez Allen in the place of "State of South' Dakota." State v. Fury (N. D.), 205 N. W. 877.

[3] The reference to the sections of the Revised Statutes of 1919 in the original complaint were surplusage, and were properly stricken.

[4] 3. Was the order appealable? Clearly the order was not appealable under section 5031, R. C. 1919.

Section 3168, R. C. 1919, provides as follows:

"The following orders, when made by the court, may be carried to the Supreme Court:

"1. An order affecting a substantial right, made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken.

"2. A final order affecting a substantial right, made in special proceedings, or upon a summary application in an action after judgment.

"3. When an order grants, refuses, continues or modifies a provisional remedy, or grants, refuses, modifies or dissolves an injunction; when it dissolves or refuses to dissolve a warrant of attachment; when it grants or refuses a new trial; or when it sustains or overrules a demurrer.

4. When it involves the merits of an action or some part thereof; when it orders judgment on application therefor, on account of the frivolousness of a demurrer, answer or reply, or strikes out such demurrer, answer or reply on account of the frivolousness thereof.

"5. From orders made by the circuit court vacating or refusing to set aside orders made at chambers, where, by the provisions

of this part, an appeal might have been taken in case the order so made at chambers had been granted or denied by the circuit court in the first instance. For the purposes of an appeal from an order, either party may require the order to be entered by the clerk of record and it shall be entered accordingly."

Counsel for appellant did not point out in his oral argument or brief under which of these subdivisions he considers this order appealable. But in his written brief he points out that the territorial Supreme Court held an order refusing to change the place of trial appealable, citing White v. Ry. Co., 5 Dak. 508, 41 N. W. 730, followed by this court in Grelley v. Winsor, 2. S. D. 361, 50 N. W. 630.

In the first case Judge Carland held the order appealable for two reasons: First, because we adopted the law from Wisconsin after the Supreme Court of that state had so construed it; second, because the refusal to permit a change of place of trial where prejudice is shown violated defendant's right to a fair and impartial trial, and in the second case the court held without argument that an order permitting plaintiff to file an amended complaint, after judgment had been entered, execution issued, and the judgment fully paid, would be considered appealable.

Plaintiff further says in his brief that this court has held an order appointing a referee appealable, citing Russell v. Whitcomb, 14 S. D. 426, 85 N. W. 860, and McManus v. Maloy, 30 S. D. 373, 138 N. W. 936.

Clearly the appointment of a referee might violate a party's right to a fair and impartial trial, and is based on one of the reasons given in White v. Ry. Co., supra. In the second case the court's order decided the title to real estate was not put in issue by the pleadings, and remanded the case to the justice's court for trial. This clearly affected the merits of the action. Counsel also cites State Bank of Cuthbert v. Carlton, 44 S. D. 199, 183 N. W. 119. In this case the order was that the case be tried to the court, thus denying defendant a jury trial in a case on a promissory note where one of the issues was payment. Clearly these cases are not in point here.

The order here complained of violates no right of plaintiff to a trial by jury or by an unbiased court. The questions of repeal of the Bastardy Act and the substitution of Inez Allen for the

state of South Dakota as plaintiff as applied to this case do not in any way involve the merits of the action. Nor does the order appealed from come under any other subdivision of section 3168, R. C. 1919.

We therefore hold the order is not appealable. Harris Mfg. Co. v. Walsh, 2 Dak. 41, 3 N. W. 307; Whitney v. Ritz, 24 N. D. 576, 140 N. W. 676.

It follows from what has been said that the meantime restraining order granted herein must be, and hereby is, vacated, and the application of plaintiff is in all things denied.

Note.—Reported in 207 N. W. 58. See, Headnote (1), American Key-Numbered Digest, Bastards, Key-No. 20, 7 C. J. Sec. 57; (2) Bastards, Key-No. 51, 7 C. J. Sec. 109; (3) Bastards, Key-No. 49, 7 C. J. Sec. 106; (4) Bastards, Key-No. 92, 7 C. J. Sec. 164.