Willard Lynn DORIAN, Sr., As Guardian Ad Litem for Willard Lynn Dorian, Jr., a minor, and for all others similarly situated, Plaintiff and Appellant,

v.

William D. JOHNSON, Director, Bureau of Vital Statistics, State of South Dakota, in his official capacity; Judith K. Call, Secretary of Health, in her official capacity; and their agents, assigns, and successors in office, Defendants and Appellees.

No. 12751.

Supreme Court of South Dakota.

Considered on Briefs March 13, 1980.

Decided Oct. 8, 1980.

Todd A. Schweiger and Anita M. Remerowski of South Dakota Legal Services, Mission, for plaintiff and appellant.

Margaret Crew, Asst. Atty. Gen., Pierre, for defendants and appellees; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

1. SDCL 34–25–13.3 provides:

   If the mother was not married either at the time of conception or birth, the child's surname shall be shown on the birth certificate as the legal surname of the mother at the time of birth unless an affidavit of acknowledgment of paternity signed by both parents is received stating the surname of the child to be that of the father.

2. ARSD 44:09:05:07 requires that the Bureau, upon acknowledgment of paternity, amend the certificate to show such paternity and, upon request of the parents, amend the certificate to

WOLLMAN, Chief Justice.

## FACTS

Plaintiff, Willard Lynn Dorian, Sr., appeals from the order denying his request for a writ of mandamus, a permanent injunction, and declaratory relief. We affirm.

Plaintiff is the guardian ad litem of Willard Lynn Dorian, Jr. William D. Johnson is the director of the Bureau of Vital Statistics (Bureau), South Dakota Department of Health.

Willard Lynn Dorian, Jr., was born March 3, 1976, to Amy Lou Respects Nothing, who was not married at the time of the conception or birth of the child. Amy Lou Respects Nothing named plaintiff as the child's father, but the birth certificate showed the child's last name as Respects Nothing, pursuant to SDCL 34–25–13.3.[1]

On May 4, 1977, plaintiff signed an affidavit acknowledging the paternity of Willard Lynn Dorian, Jr. Shortly thereafter, the paternity affidavit was submitted to the Bureau with the mother's consent and a request that the birth certificate reflect the acknowledgment of paternity and show the child's last name as Dorian.

The Bureau subsequently issued an amended birth certificate. A line had been drawn through Willard Lynn Dorian, Jr.'s original surname of "Respects Nothing" and the name "Dorian" typed in above the delineated words, as required by ARSD 44:09:05:07 and 09.[2] The word "amended" appears at the top of the certificate.

Plaintiff then filed a class action suit in circuit court, contending that the Bureau had unlawfully discriminated in amending the birth certificate rather than issuing a

reflect the change of the child's surname to that of the father. ARSD 44:09:05:09 provides in part:

   Certificates of birth ... may be amended by the state department of health in the following manner:

   (1) Completing the item in any case where the item was left blank on the existing certificate;

   (2) Drawing a single line through the item to be amended and inserting the correct data. The line drawn through the original entry must not obliterate such entry.

new certificate. Plaintiff claims that the amended certificate calls attention to the fact that Willard Lynn Dorian, Jr., is illegitimate.

## I

■ The first contention on appeal is that South Dakota law imposes a duty upon the state to issue a new birth certificate instead of an amended certificate when paternity of the child is acknowledged by affidavit. We do not agree.

The South Dakota Legislature has enacted statutes governing vital records and the registration, amendment, and certification of births, deaths, fetal deaths, burials, marriages and divorces. SDCL ch. 34–25. These statutes provide for only two instances in which a new birth certificate is to be issued.[3] The first instance is upon legitimation of the child and is governed by SDCL 34–25–15:

> In cases of legitimation, the state department of health, upon receipt of proof of the marriage of the parents of an illegitimate child together with an affidavit of paternity signed by both parents of the child, shall prepare a new certificate of birth in the new name of the legitimated child.

The second instance in which a new birth certificate is issued is upon adoption. SDCL 34–25–16 provides:

> Within ten days after the filing of every original, amended or annulled decree of adoption, the clerk of courts shall forward to the department such information necessary to establish a new certificate of birth on a form prepared by the department.

The legislature did, however, give the secretary of health the authority to adopt regulations under which a certificate could be amended. This authority is granted to the secretary of health in SDCL 34–25–51, which provides in part:

> A certificate or record registered under this chapter may be amended in accord-ance with regulations adopted by the secretary of health. . . .

We conclude that while adoption or legitimation by marriage results in the issuance of a new certificate, other certificates can only be amended, as prescribed by regulations adopted by the secretary of health.

The rules of statutory construction require that the purpose of a statute or statutes is to be determined from a reading of the act as a whole. *State v. Douglas,* 70 S.D. 203, 16 N.W.2d 489 (1944). Likewise, "this court will not enlarge a statute beyond its face where the statutory terms are clear and unambiguous in meaning and do not lead to an absurd or unreasonable conclusion." *Ogle v. Circuit Ct., Tenth Jud. Circuit,* 89 S.D. 18, 21, 227 N.W.2d 621, 623 (1975). Furthermore, words and phrases should be given their plain meaning and effect. *Board of Regents v. Carter,* 89 S.D. 40, 228 N.W.2d 621 (1975).

Here, the legislature has made a distinction between a new certificate and an amended certificate. The use of the plain meaning of these words does not lead to an unreasonable conclusion. Accordingly, we hold that the Bureau did not err in issuing an amended birth certificate.

## II

■ The second issue is whether the prohibition of the issuance of a new birth certificate to an illegitimate child upon acknowledgment of paternity is violative of the due process and equal protection clauses of the United States and South Dakota Constitutions. We hold that it is not.

This Court has in the past utilized a two–part test in determining whether the equal protection clause has been violated. *City of Aberdeen v. Meidinger,* 89 S.D. 412, 233 N.W.2d 331 (1975). See also *Morrill v. Wollman,* 271 N.W.2d 356 (S.D.1978). The first part of this test is "whether the statute does set up arbitrary classifications among various persons subject to it." *City*

---

**3.** We make no ruling on whether legitimation and adoption under SDCL 25–6–1 requires the issuance of a new birth certificate.

*of Aberdeen v. Meidinger*, supra, 89 S.D. at 415, 233 N.W.2d at 333. The second part of the test is the application of the appropriate standard of review to this arbitrary classification.

In the case at bar, we do not find it necessary to apply the second part of the test. We conclude that the statutes involved here do not set up arbitrary classifications among various persons subject to the statute.

"[I]n order to subject a law to any form of review under the equal protection guarantee one must be able to demonstrate that the law classifies persons in some manner." Nowak, Rotunda & Young, Constitutional Law, p. 527 (1978). In this case plaintiff contends that the state's policy of amending birth certificates distinguishes illegitimate children from legitimate children and certain legitimated children. Plaintiff does not contend that the applicable statutes on their face classify or distinguish between legitimate and illegitimate children. Instead, plaintiff contends that in reality the statutes impose a significant burden on an illegitimate child. Plaintiff contends that an amended birth certificate carries with it the "stigma of illegitimacy" for the rest of the illegitimate's life because it identifies the child as an illegitimate on the face of the amended birth certificate.

There are, however, a number of circumstances under which a birth certificate is amended. All mistakes on an original birth certificate are corrected by amending. Additionally, SDCL 34–25–14 provides that children of unknown parents are to be named by the examining physician. This birth certificate might later be amended to reflect the parents' name. Finally, the birth certificate of a legitimate child born to a married woman would be amended to reflect the paternity of a third party. All of these situations would result in an amended rather than a new birth certificate.

As plaintiff points out, however, these changes are somewhat different than those changes where the father acknowledges paternity of an illegitimate child. These changes, plaintiff contends, are easily distinguishable from the changes on an amended birth certificate of the type issued in the present case.

Plaintiff concedes, however, that there is one situation where an amended birth certificate would have the same appearance as the one in issue here. A situation might arise where the child of a married couple is given the mother's maiden surname. The parents later decide to change the child's name to the father's surname. On the face of the certificate, the amendment would look identical to the one complained of in this case and would not in and of itself indicate legitimacy or illegitimacy.

Furthermore, an illegitimate child can have a birth certificate that on its face would indicate that the child is legitimate. Under SDCL 34–25–13.3, the child of an unmarried mother can be given the surname of the father if an affidavit of paternity is submitted upon the birth of the child. Yet under South Dakota law, this child is still illegitimate. See SDCL 25–5–5.

Examination of the applicable South Dakota law, then, establishes that not all children with amended birth certificates are illegitimate. Second, not all illegitimate children have amended birth certificates. It follows that legitimacy or illegitimacy cannot be determined from the face of the birth certificate. The state's statutory scheme involved here neither classifies on the basis of illegitimacy nor treats illegitimate children differently than legitimate children. "Enactments of the legislature should be upheld unless they are clearly and unmistakably unconstitutional." *Matter of D. T.*, 89 S.D. 590, 595, 237 N.W.2d 166, 169 (1975). We conclude, therefore, that the state's statutory scheme does not deny equal protection.

Plaintiff contends that the state's policy with respect to the issuance of amended birth certificates is invalid because it falls the heaviest on a protected class, citing *Lane v. Wilson*, 307 U.S. 268, 59 S.Ct. 872, 83 L.Ed. 1281 (1939). We do not find this argument persuasive. We have already noted that there is no discriminatory classi-

fication. The statutes and regulations involved here affect a number of situations where a birth certificate is amended.

Accordingly, the order appealed from is affirmed.

All the Justices concur.