Robert D. CONWAY, Jr., Appellant,

v.

Lucinda (Conway) GROHS, Appellee.

No. 17074.

Supreme Court of South Dakota.

Considered on Briefs Oct. 25, 1990.

Decided Feb. 27, 1991.

Alice L. Rokahr of Blackburn & Stevens, Yankton, for appellant.

Douglas R. Kettering, Sp. Asst. Atty. Gen., Yankton, for appellee.

PER CURIAM.

Robert D. Conway, Jr. (Father) appeals a circuit court order which affirmed a Social Services Hearing Examiner's decision that Father owed child support arrearages. We reverse.

## FACTS

Father and Lucinda (Conway) Grohs (Mother) were divorced on October 27, 1977. The divorce court adopted a child custody and property settlement agreement (hereinafter "child support agreement") which had been previously agreed to between Father and Mother. Pursuant to the agreement, Father was obligated "to pay the sum of $75.00 per month per child until such child attains the age of 18...." There were two minor children, Scot (born December 4, 1968) and Michele (born December 16, 1969). No subsequent modifications were ever made to the divorce decree.

In 1986, the legislature adopted SDCL 25–5–18.1 which provides:

> The parents of any child are under a legal duty to support their child in accordance with the provisions of § 25–7–6, until the child attains the age of eighteen, or until the child attains the age of nineteen if he is a full-time student in a secondary school.

SDCL 25–5–18.1 became effective on July 1, 1986.*

Scot turned eighteen in December of 1986 and was a junior in high school. He completed his junior year in June of 1987

---

\* SDCL 25–7–6 provides:
   It is the duty of the father, the mother, and the children, of any poor person who is unable to maintain himself by work, to maintain such person to the extent of their ability. The promise of an adult child to pay for necessaries previously furnished to such parent is binding.

SDCL 25–7–6.1 and 6.2 were enacted subsequent to Mother's initiation of these proceedings and thus have no bearing on the outcome of this case. Accordingly, we have not utilized those two statutes in our resolution of this appeal.

but did not return for his senior year. On December 16, 1987, Michele turned 18, and she finished high school in June of 1988. Father paid monthly child support for each child until they reached the age of 18, except for a short period when Michele did not reside with Mother.

On March 18, 1988, Mother contacted the Office of Child Support Enforcement in the Department of Social Services (hereinafter Social Services) seeking assistance in collecting child support arrearages. Social Services served Father with a notice of delinquency for $1200 covering the periods when the children were over 18 years old, but still attending secondary school. A hearing was held before a reviewing officer on June 29, 1988, and the arrearages were determined to be $825.00. That determination was appealed to Social Services and the circuit court, both of which affirmed the decision of the reviewing officer. This appeal followed.

## DECISION

At issue is whether SDCL 25-5-18.1 automatically modified a divorce decree which provided, by agreement of the parties, that father's child support obligations ended when the children reached age 18.

■ Clearly, parents of a child have an obligation to provide for the necessary maintenance, education and support of the child in accordance with their respective means. SDCL 25-5-18.1 and 25-7-6. Title 25 of the South Dakota Codified Laws provides for the enforcement of that obligation by authorizing courts to mandate parents to pay for such needs. The trial court has continuing jurisdiction to modify child support obligations even though the child support obligation was created by agreement of the parties and later adopted by the court. *Birchfield v. Birchfield*, 417 N.W.2d 891, 894 (S.D.1988) (holding that SDCL 25-5-18.1 does not authorize application of the statute beyond age 19).

In this case, the court adopted a child support agreement which established child support obligations based upon mutually agreed upon terms. This agreement provided for termination of Father's child sup-port payments when the children turned age 18. Once approved by court, that agreement became Father's obligation and remained so until satisfied or later modified by the court.

■ Nothing in SDCL 25-5-18.1 indicates that the legislature intended to *automatically* modify all outstanding support obligations in divorce decrees. Rather, the legislation specified the obligation of *both* parents to support their children so long as they are full time students in a secondary school. This created a legal vehicle for Mother to seek court modification of the divorce decree.

When Mother determined that the children would not graduate from high school until after they were 18, she could and should have requested the court to modify Father's child support obligations. In requesting modification, Mother could have relied upon SDCL 25-5-18.1 to support her position. The court could then, as it does in other modification hearings, make a determination on the merits, based upon a fair hearing to both parties. In this case, Mother never requested a court modification but rather took the position that Father's obligation existed as a matter of law.

Because SDCL 25-5-18.1 did not automatically modify the divorce decree and Father had made all support payments according to the terms of the child support order, there was no arrearage for Social Services to collect. We therefore reverse the circuit court's affirmance of the Social Services Hearing Examiner.

MILLER, C.J., WUEST and HENDERSON and SABERS, JJ., and MORGAN, Retired J., participating.

HERTZ, Circuit Judge, Acting as a Supreme Court Justice, not participating.