STATE of South Dakota, ex rel. Julie A. BAXA, Plaintiff and Appellee,

v.

Daniel L. COOL, Defendant and Appellant.

No. 18328.

Supreme Court of South Dakota.

Considered on Briefs Dec. 3, 1993.

Decided Feb. 2, 1994.

John D. Jacobsen, Gregory County States Atty., Burke, for plaintiff and appellee.

Bruce V. Anderson, Anderson Law Office, Wagner, for defendant and appellant.

PER CURIAM.

Daniel L. Cool (Cool) appeals from a judgment and order of support affirming a child support referee's report and increasing Cool's child support obligation until his daughter, Danielle, attains the age of 18 or the age of 19 if she is a full-time student in a secondary school. We affirm.

FACTS

Danielle was born on November 2, 1976. In June 1977, Cool and Danielle's mother, Julie Baxa (Baxa) entered into a stipulation and agreement. Cool admitted that he was Danielle's natural father and agreed to pay $50 per month child support beginning in May 1977. Cool and Baxa's agreement was silent as to the duration of the child support. The stipulation and agreement was incorporated into the trial court's June 30, 1977, order which added that the child support would be due "until each child attains the age of 16 years or dies, or until further Order of this Court[.]" The order also provided that either party could seek modification of the order if Cool's income changed.

Between 1977 and 1988 four orders to show cause were issued alleging child support arrearages. In 1988, Baxa petitioned for a modification of child support. A hearing examiner ordered Cool to pay $110 per month pursuant to the guidelines of SDCL 25–7–7. The order did not modify or amend any other provision of the original 1977 order.

On August 24, 1992, two months prior to Danielle's sixteenth birthday, Baxa filed a petition for modification of child support in order to "bring support obligation into compliance with the guidelines." The petition also asked "[t]hat the Court grant such other and further relief as may be deemed just and equitable."

The child support referee concluded that "[c]hild support, including credit for health insurance coverage, shall increase to $150 monthly on October 1, 1992, and then increase to $188 per month effective February 1, 1993." Cool filed objections which were overruled in the trial court's order which provided, in part, "respondent's [Cool] share of the child support obligation shall be $150 per month, effective October 1, 1992 and $188 effective February 1, 1993 and continuing until the child attains the age of 18, or until the child attains the age of 19 if she is a full-time student in secondary school."

Cool moved to terminate child support payments, arguing that the 1977 child support order had been satisfied when Danielle turned sixteen and he had paid all the support, and that the 1983 amendment to SDCL 25–8–29 had no retroactive effect. The trial court entered findings of fact and conclusions of law and a judgment and order of support. The trial court concluded:

> [T]he Respondent mother is entitled to a modification in the child support for the minor child as such petition for modification having been filed prior to the child's 16th birthday. This Court further concludes that South Dakota's present version of SDCL 25–5–18.1 applies retroactively to the facts of this case and that the father Respondent has a continuing duty of child support until said child attains the age of 18 years or until such child attains the age of 19, if a full-time student in secondary school.

## ISSUE

DID THE TRIAL COURT ERR IN RULING THAT THE LEGISLATIVE AMENDMENTS TO SDCL 25–8–7 AND 25–5–18.1 WERE INTENDED TO APPLY RETROACTIVELY TO COOL, AND REQUIRING COOL TO PAY CHILD SUPPORT UNTIL THE MINOR CHILD REACHES THE AGE EIGHTEEN, OR NINETEEN IF THE CHILD IS IN HIGH SCHOOL?

## DECISION

In 1977, when the child support order was initially entered in this case, SDCL 26–1–1, as it does now, defined minors as individuals less than eighteen years of age. SDCL 25–5–17(3)[1] provided that parental authority over a child ceased upon the child attaining majority. SDCL 25–8–29[2], however, provided that a judgment declaring paternity would provide for child support "until the child reaches the age of sixteen years." Consequently, the trial court's 1977 child support order which incorporated Cool and Baxa's stipulation added that child support would be due until Danielle reached age sixteen, died, or ordered by the court.

In 1981, however, this Court qualified SDCL 25–8–29 by deleting the phrase "until the child reaches the age of sixteen years." *State ex rel. Wieber v. Hennings,* 311 N.W.2d 41 (1981). We did so after concluding that this provision of SDCL 25–8–29 denied equal protection to illegitimate children since it abrogated the right of an illegitimate child to receive support of its natural father until the child reached majority and created an arbitrary classification between illegitimate and legitimate children. We remanded the case "in accord with the now announced qualification of SDCL 25–8–29." *Id.* at 44.

Following this Court's decision in *Wieber,* SDCL 25–8–29 was repealed, 1984 S.D.Sess.L. ch. 190, § 28, and amended and reenacted as SDCL 25–8–7. 1984 S.D.Sess.L. ch. 190, § 7. In its current form, SDCL 25–8–7 provides that following a declaration of paternity:

The court shall enter an order for the support and custody of the child. The court may require the person ordered to pay support to give reasonable security for providing the support. The court may modify or vacate any order issued pursuant to this section at any time.

1988 S.D.Sess.L. ch. 204. In 1986, SDCL 25–5–18.1 was adopted. 1986 S.D.Sess.L. ch. 218 § 68. It provides:

The parents of any child are under a legal duty to support their child in accordance with the provisions of § 25–7–6.1, until the child attains the age of eighteen, or until the child attains the age of nineteen if he is a full-time student in a secondary school.

■ Cool contends that SDCL 25–8–7 and SDCL 25–5–18.1 should not have been applied to his case. He contends that he had a vested right in his child support payments terminating when Danielle reached the age of sixteen. He bases this contention on the stipulation and agreement which the trial court adopted in 1977.

Factually, Cool is mistaken. The stipulation and agreement that he and Baxa entered into spoke to paternity and the amount of child support. The parties did not agree that child support would terminate when Danielle reached the age of sixteen. The provision that child support would terminate when Danielle reached sixteen or died was added by the trial court which specifically reserved the power to modify the provision.

■ Even if the parties had agreed to such a provision, it is settled in South Dakota "that the trial court has continuing jurisdiction to modify child support obligations even though the child support obligation was created by agreement of the parties and later adopted by the court." *Birchfield v. Birchfield,* 417 N.W.2d 891, 894 (S.D.1988). Once approved by a court, the agreement becomes the parents' obligation until satisfied or later modified by the court. *Conway v. Grohs,* 466 N.W.2d 641 (S.D.1991). When brought to its attention the court has the power and is duty bound to look after the child's welfare. *Blare v. Blare,* 302 N.W.2d 787 (S.D.1981).

---

1. Repealed 1991 S.D.Sess.L. ch. 211, § 7.

2. Repealed 1984 S.D.Sess.L. ch. 190, § 28.

In addition, SDCL 25–7–6.13 allows for the modification of all support orders entered and in effect prior to July 1, 1989, without a showing of a change of circumstances.

■ Cool also contends that his full compliance with the 1977 order terminated his obligation when Danielle reached the age of sixteen. Cool had not, however, completely performed his obligation when Baxa instituted modification proceedings. They were instituted two months prior to Danielle's sixteenth birthday and asked for increased child support as well as other just and equitable relief.

In *Conway v. Grohs, supra,* a 1977 court approved agreement provided for child support until the children reached eighteen. In 1986, SDCL 25–5–18.1 was adopted providing parents with the legal duty to support their children until the age of eighteen or until the age of nineteen if they are full-time secondary students. The mother did not petition for a modification of child support until after her childrens' eighteenth birthday. This Court held that SDCL 25–5–18.1 did not automatically modify all outstanding support obligations. Rather, it created a legal vehicle for a parent to seek court modification of child support obligations. The mother should have petitioned for modification prior to her childrens' eighteenth birthday when she determined that they would graduate from high school after they were eighteen.

In this case Baxa followed the dictates of *Conway.* She petitioned for modification of the 1977 support order prior to Danielle's sixteenth birthday. In accordance with SDCL 25–5–18.1 and *Conway,* the trial court allowed child support until Danielle turned eighteen or nineteen if a full-time secondary student. We agree the award was proper.

Affirmed.

MILLER, C.J., and WUEST, HENDERSON, SABERS and AMUNDSON, JJ., participating.